UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS KLASSY, | Case No. 1:25-cv-00416-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| MICHAEL KARLFELDT, et al. | |
| Defendants. | |

Before the Court are Plaintiff Thomas Klassy *In Forma Pauperis* Application (Dkt. 1) and Complaint (Dkt. 2). For the reasons explained below, the Court will grant the *In Forma Pauperis* Application but dismiss the Complaint with leave to amend.

1. ***In Forma Pauperis* Application**

Klassy, proceeding pro se, has conditionally filed a complaint against Michael Karlfeldt, Miste Gardner Karlfeldt, the Karlfedlt Center, and Swedish Naturopathic. Dkt. 2. Klassy asks the Court to allow him to file *in forma pauperis*.

Plaintiffs who wish to pursue civil lawsuits in this District must pay a filing fee. *See* 28 U.S.C. § 1914(a). If a plaintiff wishes to avoid that fee, he must submit

**MEMORANDUM DECISION AND ORDER - 1**

an affidavit showing he is unable to pay. 28 U.S.C. § 1915(a). "An affidavit in

support of an *in forma pauperis* application is sufficient where it alleges that the

affiant cannot pay the court costs and still afford the necessities of life." *Escobedo*

*v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status

must allege poverty with some particularity, definiteness and certainty." *Id.*

(internal quotation marks omitted). The granting or denial of leave to proceed in

forma pauperis in civil cases is within the sound discretion of the district court.

*O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

    The Court has reviewed the affidavit provided by Klassy. The affidavit, if

true, states sufficient facts supporting his poverty. Klassy reports that his monthly

income is $1,821 in social security payments; he has approximately $79 in cash

and bank accounts, and his monthly expenses are approximately $1821. Dkt. 1 at

2-3. These factors indicate that Klassy cannot pay the Court's filing fee while still

affording basic living expenses. *Id.* at 4.

## 2. Review of Complaint

    Once the Court grants an *in forma pauperis* application, it must conduct an

initial review of the complaint to determine whether summary dismissal is

appropriate. *See* 28 U.S.C. § 1915(e)(2). If the Court engages in this

review, a complaint must be dismissed if it (1) states a frivolous or malicious

claim, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The second basis for dismissal is most relevant in this case.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 and may be dismissed if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). But this does not eliminate the standard set forth in Rule 8(a)(2). Pro se plaintiffs must still articulate plausible claims and allege facts sufficient to support each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Judges are neither "mind readers" nor "advocates" for pro se litigants. *Camel v. Cannon*, No. 6:06-3030–GRA–WMC, 2007 WL 465583, at *3 (D.S.C. Feb. 7, 2007). Nor will courts

"assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

Klassy has sued all four defendants for age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA). The ADEA protects employees from age discrimination, but it applies only to employers with at least twenty employees. 28 U.S.C. § 630(b). To make a prima facie claim under the ADEA, a plaintiff must meet four other requirements: (1) he was at least forty years old; (2) his job performance was satisfactory; (3) he was discharged; and (4) he was "either replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." *Sheppard v. David Evans & Assoc.* 694 F.3d 1045, 1049 (9th Cir. 2012).

In this regard, Klassy's account leaves out several vital pieces of information. The complaint does not indicate which defendants, if any, actually employed him, or how many employees any of them had. Further, it is not clear that Klassy was discharged. He describes only a rude comment from the owner, not the termination of his employment. In the absence of this information, the ADEA claim fails as a matter of law, even under the liberal standard for pro se pleadings.

**MEMORANDUM DECISION AND ORDER - 4**

Due to the absence of factual allegations, Klassy has failed to state a claim upon which relief can be granted. The Court will dismiss the Complaint but give Klassy leave to amend it to cure these deficiencies. If he does so, he should take care to write clearly and provide a coherent, specific factual account of the events underlying his claims.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Application to Proceed *in Forma Pauperis* (Dkt. 1) is **GRANTED**.

2. The Complaint fails to state a claim upon which relief may be granted and is DISMISSED. Plaintiff has 30 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 30 days, this case may be dismissed without further notice. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.



DATED: August 26, 2025

B. Lynn Winmill
U.S. District Court Judge